The Cardoza Law Corporation
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Megan H. Troy, Esq. (SBN: 194712)
Megan.Troy@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700

*Attorneys for Plaintiff*,
Jesse Moore, Jr.

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MOORE, JR., Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CACV OF COLORADO, LLC and NEUHEISEL LAW FIRM, P.C.;<br><br>Defendants | Case No.: _____<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF FOR VIOLATION OF:<br><br>(1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.; AND,<br><br>(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

///

///

///

///

COMPLAINT CASE No. _____

## INTRODUCTION

1. This is a case about a military veteran, and others similarly situated, who have incurred debt and, in an attempt to collect on said debt, have received threatening and patently false letters from Defendants, claiming that certain judgments are "not going away," and to contact Defendants "to resolve the matter." In fact, there are a number of factual scenarios whereby judgments *would* go away and Defendants' attempts to claim otherwise are in direct violation of federal and California laws intended to protect the least sophisticated consumer from misleading, harassing, and unfair debt collection practices.

2. **JESSE MOORE, JR.** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, injunctive relief, attorney fees, and costs, against **CACV OF COLORADO, LLC and NEUHEISEL LAW FIRM, P.C.** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendants' violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter, "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter, "RFDCPA").

9. Because Defendants are incorporated and conduct business within the State of California, personal jurisdiction is established.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## INTRADISTRICT ASSIGNMENT

11. Intradistrict assignment to the OAKLAND DIVISION is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of the events or omissions which give rise to the claim occurred in the county of Alameda.

## FDCPA AND RFDCPA

12. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using

COMPLAINT Page 4 of 18

abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

13. Similarly, when enacting the RFDCPA, the California Legislature found that:

   The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

14. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

15. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and

naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

16. Plaintiff is a natural person who resides in the County of Alameda County, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h).

17. Defendant CACV of Colorado, LLC (hereinafter "Defendant CACV") is a Colorado limited liability company operating from an address of 625 Pilot Road, Suite 22, Las Vegas, NV 89119, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

18. Defendant Neuheisel Law Firm, P.C. (hereinafter "Defendant Neuheisel") is an California professional corporation operating from an address of 650 Howe Avenue, Suite 200, Sacramento, CA 95825, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

19. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

20. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing

COMPLAINT

agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

21. Plaintiff is an individual residing in the County of Alameda County in the State of California.

22. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

23. Defendant CACV's business consists solely of the acquisition and collection of delinquent consumer debts.

24. Defendant Neuheisal's business consists of a law firm that regularly collects consumer debts.

25. Plaintiff is informed and believes, and thereon alleges, that sometime before January, 2008, Plaintiffs allegedly incurred financial obligations to an original creditor, Providian Bank, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, primarily for personal, family, or

household purposes, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(5).

26. The debt may relate to the door-to-door sale of a set of encyclopedias sometime in the mid-1990's. Sometime thereafter, Plaintiff allegedly fell behind on the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of the alleged debt.

27. Subsequently, the alleged debt was allegedly sold, assigned, placed, or otherwise transferred, to Defendants for collection activity and was reduced to a civil money judgment in the Superior Court of California.

28. On or about August 25, 2017, Defendants sent Plaintiff a written communication in regards to the alleged debt in an attempt to collected the alleged past due amount (the "Letter"), to wit, a cover letter to the copy of the Notice of Entry of Renewal of Judgment filed in the Superior Court of California. This Letter is considered a "communication" as 15 U.S.C. § 1692a(2) defines that term, and "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

29. Defendants' Letter identified the existing civil judgment against Plaintiff, stated that it had been renewed for another ten years, promised continuing efforts to identify and seize Plaintiff's assets in satisfaction of the judgment and, in

pertinent part, stated: ***"The judgment is not going away. Please contact us to resolve the matter."*** **[bold and italics added].**

30. Through this conduct, Defendants violated 15 U.S.C §1692e, 15 U.S.C §1692e(2)(A) and 15 U.S.C §1692e(10), which are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, by falsely representing the legal status of the debt and by using false, deceptive, or misleading representations or means in connection with collecting a debt. Telling Plaintiff that "[t]he judgment is not going away" is patently false since there are a number of common scenarios, within control of the Plaintiff, under which such judgment would "go away" without payment (e.g. filing of personal bankruptcy, successful motion for vacation of judgment) of anything by Plaintiff. In addition to being patently false, telling Plaintiff that "[t]he judgment is not going away" followed immediately by a request that Plaintiff "[p]lease contact us to resolve the matter," is confusing and misleading, especially from the perspective of the least sophisticated debtor. Through this conduct, Defendants have also violated Cal. Civ. Code § 1788.17.

31. Through this conduct, Defendants violated 15 U.S.C §1692d, which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiffs. Thus, Defendants have also violated Cal. Civ. Code §1788.17.

32. Through this conduct, Defendants violated 15 U.S.C §1692d(2), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, by using language that the natural consequence of which is to abuse the hearer. Thus, Defendants have also violated Cal. Civ. Code § 1788.17.

33. Through this conduct, Defendants violated 15 U.S.C. § 1692f, which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt by telling Plaintiff that "[t]he judgment is not going away" – which is patently false since there are a number of common scenarios, within control of the Plaintiff, under which such judgment would "go away" without payment (e.g. filing of personal bankruptcy, successful motion for vacation of judgment) of anything by Plaintiff. In addition to being patently false, telling Plaintiff that "[t]he judgment is not going away" followed immediately by a request that Plaintiff "[p]lease contact us to resolve the matter," is confusing and misleading, especially from the perspective of the least sophisticated debtor. Thus, Defendants have also violated Cal. Civ. Code § 1788.17.

34. As a result of Defendants deceptive and abusive debt collection practices, Plaintiffs, and each consumer that received Defendants' Letter, suffered an invasion of a legally protected interest under the FDCPA and the RFDCPA by being deceived about the nature and status of their alleged debt. The FDCPA and the RFDCPA are designed protect consumers from exactly this type of

behavior AND to deter those companies and individuals who have or would employ such objectionable behavior.

35. Plaintiff, and each consumer that received Defendants' Letter, were affected personally because they believed Defendants' misrepresentations (i.e., that the judgment against them would or could not be "going away" absent payment to Defendants), which caused Plaintiffs anxiety and emotional distress, which in turn affected their personal life and wellbeing.

36. Plaintiffs' injuries are concrete as Defendants' misrepresentations are analogues to common law misrepresentation.

37. Because Plaintiff's father is similarly named, this communication from Defendant caused Plaintiff to initiate a conversation with his father about the debt that ultimately turned angry and humiliating.

38. As stated in this Complaint's introduction, Congress and the California legislature recognized the aggressive, deceptive and abusive methods of debt collection by certain collection companies; and, in order to create a fair playing field and not give the abusive debt collectors a competitive advantage, Congress and the California legislature created laws such as the FDCPA and RFDCPA. Should the Defendants be allowed to harass, humiliate, abuse and deceive Plaintiffs in the manner described above, collectors that try to collect in a civilized and legally-compliant manner will be put at a competitive disadvantage, which is one of the societal harms caused by such violations.

39. Transgressions, such as the type committed by Defendants, would progress to worse behavior if Congress and the California legislature had not created the laws cited to give vulnerable consumers a united and powerful voice.

## CLASS ACTION

40. Plaintiff brings this class action on behalf of himself and on behalf of all others similarly situated.

41. Plaintiff defines "the Class" as:

    **National Class**: All persons with addresses within the U.S. who were sent Defendants' debt collection letter that stated, in part, "The judgment is not going away", or words to that effect, within one year prior to the filing of the Complaint in this action.

    **Subclass**: All persons with addresses within the State of California who were sent Defendants' debt collection letter that stated, in part, "The judgment is not going away", or words to that effect, within one year prior to the filing of the Complaint in this action.

42. The proposed Classes exclude current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

43. Plaintiffs do not know the exact number of persons in the Class, but believe them to be in the several hundreds, making joinder of all these actions impracticable.

44. The identity of the individual members is ascertainable through Defendant

sand/or Defendants' agents' records or by public notice.

45. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a. Whether Defendants violated the FDCPA as described herein;

   b. Whether Defendants violated the RFDCPA as described herein;

   c. Whether members of the Class are entitled to the remedies under the FDCPA;

   d. Whether members of the Class are entitled to the remedies under the RFDCPA;

   e. Whether members of the Class are entitled to declaratory relief;

   f. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDPCA;

   g. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDPCA;

   h. Whether Defendants may satisfy Defendants' affirmative defense of bona fide error with regard to Defendants' violation of the FDCPA; and,

   i. Whether Defendants may satisfy Defendants' affirmative defense of bona fide error with regard to Defendants' violation of the RFDCPA.

46. Plaintiff will fairly and adequately protect the interest of the Class.

47. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

48. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

49. A class action is a superior method for the fair and efficient adjudication of this controversy.

50. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.

51. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and the RFDCPA is $1,000 per statute. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

52. Defendants have acted on grounds generally applicable to the classes, thereby making appropriate final declaratory relief with respect to the class as a whole.

53. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

54. Plaintiffs request certification of a class for monetary damages.

# Causes of Action Claimed by Plaintiff

## Count I

### Violation of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

### [Against Defendants]

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

57. As a result of each and every violation of the FDCPA, Plaintiffs are each entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Count II

### Violation of the Rosenthal Fair Debt Collection Practices Act

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

### [Against Defendants]

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

60. As a result of each and every violation of the RFDCPA, Plaintiffs are each entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

a) That this action be certified as a class action on behalf of The Class, that Plaintiff be appointed as representative of The Class and designating Plaintiff's counsel as counsel for The Class;

b) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for Plaintiff, and,

d) Award of statutory damages in the amount of $1,000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,

e) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

f) General damages according to proof, against each Defendant and for Plaintiff, and,

g) Special damages according to proof, against each Defendant and for Plaintiff, and,

h) Costs of suit incurred herein against each Defendant and for Plaintiff, and,

i) Award to Plaintiff of such other and further relief as may be just and proper.

## CERTIFICATION OF INTERESTED PARTIES

61. Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

BY: /S/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.

## **TRIAL BY JURY IS DEMANDED.**

62. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: October 31, 2017            THE CARDOZA LAW CORPORATION

                                   BY: /s/ MICHAEL F. CARDOZA
                                   MICHAEL F. CARDOZA, ESQ.
                                   ATTORNEY FOR PLAINTIFF,
                                   JESSE MOORE, JR.